HARRY E. HOLMES

v.

ARIEL NOOE.

1. DRAM SHOP ACT—DAMAGES.—In actions commenced under the Dram Shop Act, exemplary damages are only properly given in cases where aggravating circumstances are shown, and are not awarded as punishment or as compensation over and above actual damages sustained, but operate as an example or a warning to deter the party or others from similar transactions.

APPEAL from the Circuit Court of Coles county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed July 3, 1884.

Messrs. CRAIG & CRAIG, for appellant; as to exemplary damages, cited Kellerman v. Arnold, 71 Ill. 634.

Mr. HORACE S. CLARK, for appellee.

DAVIS, J. This was a suit commenced by appellee under Chapter 43 of the Revised Statutes, entitled "Dram Shops," to recover damages for alleged injuries to her property and her means of support, in consequence of the intoxication of her husband by the sale to him of intoxicating liquors by appellant which caused habitual intoxication.

The evidence did not very clearly prove habitual intoxication, nor by liquor procured by the husband from appellant, nor that appellee was injured in her property or means of support, in consequence of intoxication caused by the sale of liquor to him by appellant, but it tended to prove such facts, and the jury had the right under it to find the issue for appellee, and to give her such actual damages as they believed the evidence showed she had sustained. But their finding should have been confined to actual damages. It is evident, however, from the amount of the verdict, which was for $754, and on which judgment was rendered in her favor, that the jury allowed her exemplary damages.

Holmes v. Nooe.

This was not a case which justified the jury in awarding exemplary damages. Such damages are only properly given in cases where aggravating circumstances are shown, and are not awarded as punishment, or as compensation, over and above actual damages sustained, but operate as an example or a warning to deter the party or others from similar transactions. Kadgin v. Miller, 13 Bradwell, 474; Meidel v. Authis, 76 Ill. 243; Kellerman v. Arnold, 71 Ill. 634.

In this case no aggravating circumstances whatever were shown.

It is an ordinary case where the injury to the little property possessed by the wife on her marriage, and to her means of support afterward derived from her husband, was apparently occasioned more by the indolence and indisposition of the husband to labor for the support of himself and wife than to the few instances of intoxication proved to have occurred after the marriage.

The court therefore erred in giving to the jury the following instructions for appellee.

*  *  *  *  " And that such wife is entitled to recover of such person so giving intoxicating liquor to the said husband as aforesaid, whatever actual damages she may have sustained by reason thereof, and if the proof shows she has sustained actual damages, then she may also recover exemplary damages."

" The court further instructs the jury, for the plaintiff, that they may give exemplary damages against the defendant in case the jury find from the evidence and the instructions of the court that the plaintiff is entitled to actual damages, such actual and exemplary damages not to exceed the amount claimed in the plaintiff's declaration."

The court also erred in refusing to give the following instruction to the jury, as asked for by the defendant. " The court further instructs the jury that, unless they find that the defendant acted wantonly and willfully in selling intoxicating liquor to the husband of the plaintiff, and the circumstances of the selling were not aggravating, then they should not find exemplary or vindictive damages against the defendant in this case."

For these errors the judgment must be reversed and the cause remanded.

Judgment reversed.